## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RASHAD JAMIYL BEY,

    Plaintiff,

    v.

MAGISTRATE PAMELA ALBAN,
MAGISTRATE STACY W. MCCORMACK,
MAGISTRATE ROBERT THOMPSON,
CAROLINE SPIES, and
SCOTT POYER,

    Defendants.

Civil Action No.:  MJM-24-3266

## MEMORANDUM

Self-represented plaintiff Rashad Jamiyl Bey filed the above-captioned civil rights Complaint together with a Motion to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  Because Plaintiff appears to be indigent, his request to proceed without pre-payment of the filing fee is granted.  However, the Complaint must be dismissed for the reasons stated below.

Plaintiff brings this Complaint against Circuit Court for Anne Arundel County Associate Judges Pamela Alban, Stacy W. McCormack, and Robert Thompson; Caroline Spies, Assistant Public Defender; and Scott Poyer, Clerk of Court.[1]  ECF No. 1.  Plaintiff lists a series of events that occurred in the Anne Arundel County Circuit Court regarding a criminal matter in which Plaintiff is the defendant, including that "Defendants collectively conspired to trick Respondent into it's [sic] 'colorful jurisdiction,' via forced cou[n]sel."  *Id*. at 7–8.  As relief, Plaintiff seeks a "Writ of Mandamus compelling the Circuit Court of Anne Arundel County, to honor the default

---

[1] Plaintiff names Judges Alban, McCormack, and Thompson as "Magistrates," however they are associate judges.  *See* https://www.circuitcourt.org/about-us/judges (last visited Nov. 12, 2025).

judgment dismissing all claims, suits, petitions, and fillings with with [sic] the 'State of Maryland.'" *Id.* at 9.  Plaintiff attaches to his Complaint numerous documents indicating that he subscribes to Moorish-American sovereign citizen ideology.[2]  ECF No. 1-1.

For the reasons discussed below, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Title 28, United States Code, Section 1915(e)(2)(B) requires the Court to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B).  Self-represented pleadings are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, for the reasons that follow, Plaintiff's claims against each of the named Defendants may not proceed.

Plaintiff's claim as to Judges Alban, McCormack, and Thompson is barred by the doctrine of judicial immunity.  *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.")  The doctrine of judicial immunity shields them from monetary claims in both their official and individual capacities.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment

---

[2] To the extent that Plaintiff intends to pursue any argument that the Maryland state courts lack jurisdiction to prosecute him as a Moorish-American, such argument has been repeatedly rejected.  *See El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379–FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship").  "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented."  *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see also United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

of damages but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).

Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences". . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id*. at 553–54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citing *Forrester at* 227–29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function'

of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362). Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13.

Neither exception applies here. Plaintiff's claims against each judge stem from actions taken by that judge during Plaintiff's criminal and post-conviction proceedings. Rulings on pending cases over which they had jurisdiction are precisely the type of judicial action covered by judicial immunity. Plaintiff has offered no grounds to defeat the judicial immunity that applies to the judges' determinations made in his criminal case. Accordingly, Plaintiff's claims against Judges Alban, McCormack, and Thompson are dismissed.

Likewise, defendant Scott Poyer is entitled to quasi-judicial immunity in his capacity as the Clerk of the Circuit Court for Anne Arundel County. Absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)). To determine if quasi-judicial immunity applies, this Court must consider: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion, Inc.*, 232 F. Supp. 2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*,

4

177 F.3d 245, 249 (4th Cir. 1999)). "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The extent of the allegations stated against Clerk of Court Poyer appear to be that he accepted filings in Plaintiff's criminal case. ECF No. 1 at 7. Accepting filings is clearly within the jurisdiction of the Clerk of Court, and the Clerk of Court must be able to accept filings in order for cases to be properly processed. Even if he were not entitled to quasi-judicial immunity, Plaintiff has not plausibly alleged that accepting the filings violated his constitutional rights in any way.

Finally, Plaintiff alleges that defendant Caroline Spies of the Anne Arundel County Public Defender's Office filed "several frivolous motions" that were "unsolicited." ECF No. 1 at 7. Assistant Public Defender Caroline Spies is not a state actor subject to suit under 42 U.S.C. § 1983.[3] Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 453–54 (1981). Because Plaintiff's allegations

---

[3] Plaintiff cites the following as a basis for federal jurisdiction: "Amdt 14. S1.5.1, 358 U.S. 1, 78 S Ct. 1401 (1958), Ct.SF, 140 Cal. 416 U.S. 232, 94 S. Ct 1683, 1687 (1974), 350 US 179, ARTICLE 6 OF THE UNITED STATES CONSTITUTION." ECF No. 1 at 5. But the Complaint is best construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

concern Spies' function as counsel, she was not acting under color of state law, and, therefore, the

Complaint must be dismissed against her.

     A separate Order follows.


_11/12/25___                                    _____/S/_____
Date                                            Matthew J. Maddox
                                                United States District Judge